UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JIMMIE D. BUSBEE,           )  |  |
|              ) |  |
|    Plaintiff,           ) |  |
|              ) |  |
| v.            ) | CAUSE NO.  1:12-CV-119 |
|              ) |  |
| OFFICER SCOTTIE LEWIS, et al.,   ) |  |
|              ) |  |
|    Defendants.           ) |  |

**OPINION AND ORDER**

     Before the Court in this action advancing various civil rights claims under 42 U.S.C. § 1983 is a Motion to Compel filed by Plaintiff on May 29, 2013, requesting that the Court compel Defendants City of Fort Wayne and Officer Scottie Lewis to produce "proper responses" to his discovery requests. (Docket # 66.)  For the following reasons, Plaintiff's motion will be DENIED.

     To begin, discovery closes on May 30, 2012 (Docket # 25), and thus Plaintiff waited until the eve of the close of discovery to file his motion even though Defendants produced the discovery responses to him on or about November 20, 2012.  "As a general rule, if a moving party has unduly delayed in filing a motion for an order compelling discovery, a court may conclude that the motion is untimely." *Banks v. CBOCS West, Inc.*, No. 01 C 0795, 2004 WL 723767, at *1 (N.D. Ill. Apr. 1, 2004) (citation omitted); *accord Everett v. Aldi, Inc.*, No. 1:07-cv-275, 2009 WL 940379, at *2 (N.D. Ind. Apr. 6, 2009).  In addition, Plaintiff failed to file a brief in support of the motion in accordance with Local Rule 7-1(b)(2), so the Court is left to wonder about what is sought and why Plaintiff waited until now to seek that relief.

     The motion is also inadequate because Plaintiff failed to file a separate Local Rule 37-1

certification. The certification must state the date, time, and place of the conference or attempted conference and the names of all persons participating therein. N.D. IND. L.R. 37-1(a). Here, Plaintiff merely recited in his motion that counsel has "exchanged a seri[es] of correspondence[.]" (Docket # 66.)

And even if he had filed a separate certification, the purported conference that Plaintiff describes in his motion is inadequate, as several letters sent to counsel falls short of a good faith attempt at a conference. *See Imbody v. C & R Plating Corp.*, No. 1:08-cv-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) (concluding that several letters exchanged between counsel was not a good faith conference); *Shoppell v. Schrader*, No. 1:08-cv-284, 2009 WL 2515817, at *1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Forest River Hous., Inc. v. Patriot Homes, Inc*., No. 3:06-cv-841, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007) ("[T]wo emails . . . do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue."); *Pinkham v. Gen. Prods. Corp.*, No. 1:07-cv-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (concluding that an exchange of five letters was not a good faith conference). Letters merely "recit[ing] each parties' general stance on the issue rather than any type of bartering or negotiations . . . does not represent meaningful dialogue or show an attempt at a such dialogue to satisfy Fed. R. Civ. P. 37(a)." *In re FedEx Ground Package Sys., Inc.*, No. 3:05-MD-527, 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007).

"A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Imbody*, 2010 WL 3184392, at *1 (citation and internal quotation marks omitted); *accord Ellis v. CCA of Tenn., LLC*, No. 1:08-cv-0254-SEB-

JMS, 2009 WL 234514, at *2 (S.D. Ind. Feb. 2, 2009) (citation omitted). "The requirement to meet and confer must be taken seriously, because 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Imbody*, 2010 WL 3184392, at *1 (quoting *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)). "The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)).

And, as alluded to earlier, to the extent Plaintiff's motion requests that the Court compel Defendants to produce "proper" discovery responses, Plaintiff never identifies with any particularity what information he seeks. Consequently, the Court is unable to definitively discern which of Defendants' discovery responses Plaintiff thinks are inadequate. *See, e.g.*, *Morris v. Ley*, No. 05 C-0458, 2006 WL 2585029, at *2 (E.D. Wis. Sep. 7, 2006) (denying plaintiff's motion to compel because it was "nearly impossible to ascertain which documents the plaintiff seeks to have produced").

For all of these reasons, Plaintiff's Motion to Compel (Docket # 66) is DENIED.

SO ORDERED.

Enter for this 29th day of May, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge